IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AUGUSTUS SANFORD,
    Petitioner,

v.                                            Case No. 5:24cv260/MW/MAL

WARDEN FCI MARIANNA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me on Petitioner's failure to respond to the Court's order dated March 20, 2025, directing him to show cause why this case should not be dismissed for his failure to comply with an order of the Court.

Petitioner Augustus Sanford initiated this case by filing a handwritten "2241 Motion to Gain Jail Credit from B.O.P." ECF No. 2. On November 18, 2024, the Court entered an order directing Petitioner to (1) file an amended petition on the proper court form, along with two service copies thereof, and (2) pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* with supporting documentation. ECF No. 4. The order also advised Petitioner that he must immediately file a notice with the Court in the event of an address change or transfer. Petitioner was given a deadline of December 19, 2024, and he was warned that failure to timely comply with an order of the court, including keeping the Court apprised of his current

address, would result in a recommendation that this case be dismissed. Petitioner did not respond.

On December 27, 2024, the Court entered an Order to Show Cause, ECF No. 5, to which Petitioner responded by requesting a 60-day extension of time and new § 2241 forms. ECF No. 6. The Court granted his request in part, and set a deadline of February 12, 2025, for him to file his amended petition. The order again informed Petitioner that failure to comply, or failure to keep the Court apprised of his current address, would result in a recommendation of dismissal.

Again, Petitioner filed nothing. Therefore, on March 20, 2025, the Court entered another order directing Petitioner to show cause on or before April 3, 2025, why his case should not be dismissed. ECF No. 8. Petitioner failed to respond to the Court's latest order.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner

has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Additionally, it appears Petitioner has been transferred to Fairton Federal Correctional Institution. *See* https://www.bop.gov/inmateloc/. Despite having been warned of the consequences of not filing a notice of change of address, Petitioner has failed to do so. The Court will direct the clerk to mail this recommendation to Petitioner at his address of record and to Fairton FCI, although absent Petitioner's filing a notice of change of address, his address will not be changed in the Court's record. A dismissal of this case without prejudice would allow Petitioner to file his habeas claim in the district where he is incarcerated.

Accordingly, it is ORDERED:

The Clerk shall send a copy of this recommendation to Petitioner at his address of record and to him at FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08320.

And, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice for his failure to prosecute and failure to comply with an order of the Court.

2. The clerk be directed to close the case file.

DONE on April 17, 2025.

                                  s/ *Midori A. Lowry*
                                  Midori A. Lowry
                                  United States Magistrate Judge

## NOTICE TO THE PARTIES

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.